

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CR 10-61 PJS/AJB

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **INDICTMENT** |
| ) | |
| Plaintiff, ) | (18 U.S.C. § 2) |
| ) | (18 U.S.C. § 371) |
| v. ) | (18 U.S.C. § 1341) |
| ) | (18 U.S.C. § 1956(h)) |
| 1. CLAYTON CRAIG HOGELAND, ) | (26 U.S.C. § 7201) |
| a/k/a "Craig Hogeland," ) | |
| ) | |
| 2. JENNIFER ROSE HOGELAND, ) | |
| a/k/a "Jennifer Rose Dyess," and ) | |
| ) | |
| 3. JEFFREY COLE BENNETT, ) | |
| ) | |
| Defendants. ) | |

THE UNITED STATES GRAND JURY CHARGES THAT:

1.   At all times relevant to this Indictment, CLAYTON CRAIG HOGELAND was the general manager of Advantage Transportation Inc.

2.   Advantage Transportation is a freight transportation logistics provider headquartered in Eagan, Minnesota. Advantage Transportation contracts with customers who have freight they wish to have transported and then contracts with trucking companies that then transport the freight. For example, if a customer wants to move a shipment from one city to another, it will make the arrangements with Advantage Transportation to have the freight moved for a certain price. Advantage Management then locates a trucking company from a network of carriers with which it routinely works to transport freight.

SCANNED

MAR 1 7 2010

U.S. DISTRICT COURT MPLS



FILED **MAR 1 7 2010**
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED_____
DEPUTY CLERK'S INITIALS_____

U.S. v. Clayton Craig Hogeland, et al.

3.   At all times relevant to this Indictment, JENNIFER ROSE HOGELAND was married to CLAYTON CRAIG HOGELAND.

4.   In or about May 2003, CLAYTON HOGELAND hired JEFFREY COLE BENNETT as the sales manager for the Tennessee office of Advantage Transportation, where JEFFREY BENNETT was employed until in or about September 2006.

## THE PHONY INVOICE SCHEME

5.   From in or about January 2003 through in or about April 2005, in the State and District of Minnesota and elsewhere, the defendants,

**CLAYTON CRAIG HOGELAND,**
a/k/a "Craig Hogeland," and
**JEFFREY COLE BENNETT,**

aiding and abetting each other, and being aided and abetted by others known and unknown to the Grand Jury, did knowingly and unlawfully devise and participate in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

6.   In or about January 2003, CLAYTON HOGELAND and JEFFREY BENNETT concocted a scheme to fraudulently obtain money from Advantage Transportation by submitting false invoices to Advantage Transportation from several sham companies formed by JEFFREY BENNETT.   From in or about January 2003 through in or about March

2

U.S. v. Clayton Craig Hogeland, et al.

2005, JEFFREY BENNETT submitted false invoices to Advantage
Transportation for nonexistent goods and services from: Air
Catering Solutions and Marketing, Inc. (a/k/a "ACS Marketing"),
American   Logistics   Advisors,   LTL   Development.com,   and
Transportation Marketing Concepts (the "shell companies").   The
invoices from the shell companies purported to be for goods and
services which, in fact, were never provided to Advantage
Transportation.

    7.   JEFFREY BENNETT formed American Logistics Advisors, LTL
Development.com and Transportation Marketing Concepts for the sole
purpose of conducting the phony invoice scheme, and these entities
did no real business.   ACS Marketing did have some real business
operations, but all of the invoices submitted from ACS Marketing to
Advantage Transportation by JEFFREY BENNETT were for nonexistent
goods and services.

    8.   Payments for the false invoices were approved by CLAYTON
HOGELAND in his capacity of general manager of Advantage
Transportation, and CLAYTON HOGELAND caused checks to be issued to
the shell companies knowing that the invoices were fraudulent.
Payments on the false invoices to the shell companies operated by
JEFFREY BENNETT totaled more than $390,000 during a period from
January 2003 through April 2005.

U.S. v. Clayton Craig Hogeland, et al.

9.    JEFFREY BENNETT kept approximately $250,000 of the fraudulent payments for himself and paid approximately $140,000 in kick-backs to CLAYTON HOGELAND.  To conceal the fact that CLAYTON HOGELAND was receiving kick-back payments, JEFFREY BENNETT made the payments via checks issued in the name of CLAYTON HOGELAND's wife, JENNIFER HOGELAND, who endorsed the checks and either deposited them into CLAYTON and JENNIFER HOGELAND'S joint bank account or, in a few instances, used them to pay CLAYTON and JENNIFER HOGELAND's personal expenses.

## COUNT 1
### (Mail Fraud)
### 18 U.S.C. § 1341

10.   The Grand Jury hereby re-alleges and incorporates paragraphs 1 through 9 of this Indictment as if stated in full herein.

11.   On or about March 17, 2005, in the State and District of Minnesota and elsewhere, and for the purpose of executing and attempting to execute the scheme and artifice, the defendants,

**CLAYTON CRAIG HOGELAND,**
a/k/a "Craig Hogeland," and
**JEFFREY COLE BENNETT,**

aiding and abetting each other, and being aided and abetted by others known and unknown to the Grand Jury, did knowingly cause to be sent, delivered, and moved by the United States Postal Service and interstate commercial carrier various mailings, items and

4

U.S. v. Clayton Craig Hogeland, et al.

things, including check number 202882 $2069.21 (Western Bank
Account No. 601XXXX) mailed from Advantage Transportation in Eagan,
Minnesota to ACS Marketing, in Memphis, Tennessee, received by
JEFFREY BENNETT on or about March 17, 2005.

All in violation of Title 18, United States Code, Sections
1341 and 2.

## COUNT 2
(Conspiracy to Commit Mail Fraud)
18 U.S.C. § 371

12.   From in or about January 2003 through in or about April
of 2005, in the State and District of Minnesota and elsewhere, the
defendants,

**CLAYTON CRAIG HOGELAND,**
a/k/a "Craig Hogeland," and
**JEFFREY COLE BENNETT,**

did knowingly and willfully combine, conspire, and agree with each
other and with others known and unknown to the Grand Jury, to
commit offenses against the United States, that is, mail fraud as
described in paragraphs 1 through 11 above, in violation of Title
18, United States Code, Section 1341.

## MANNER AND MEANS

13.   The conspiracy included the manner and means described in
paragraphs 1 through 9 of the Indictment, which are hereby re-
alleged and incorporated herein.

U.S. v. Clayton Craig Hogeland, et al.

## OVERT ACTS

14.   In order to effect the objects of the conspiracy and in furtherance of the conspiracy, the defendants and their co-conspirators committed and caused to be committed the acts alleged in paragraphs 1 through 11 of this Indictment, which are hereby re-alleged and incorporated herein, as well as, but not limited to, the following specific mailings:

    a.   On or about June 6, 2003, JEFFREY BENNETT caused the mailing of an invoice (invoice no. MEM1522) for $9785.00 from ACS Marketing to Advantage Transportation falsely claiming to be for website development.

    b.   On or about June 16, 2003, CLAYTON HOGELAND caused the mailing of check number 201164 (Western Bank Account No. 601XXXX) in the amount of $9295.75 from Advantage Transportation in Eagan, Minnesota to ACS Marketing in Memphis, Tennessee.

    c.   On or about June 17, 2003, JEFFREY BENNETT caused the mailing of a fraudulent invoice (Invoice No. 100123-6) for $17,175.00 from Transportation Marketing Concepts to Advantage Transportation.

    d.   On or about July 1, 2003, CLAYTON HOGELAND caused the mailing of check number 201211 (Western Bank Account No. 601XXXX) in the amount of $17,175.00 from Advantage Transportation in Eagan, Minnesota to Transportation Marketing Concepts in Swansea, Illinois.

    e.   On or about July 24, 2003, JEFFREY BENNETT caused the mailing of check number 1003 in the amount of $8,000.00 from a Transportation Marketing Concepts' bank account to JENNIFER HOGELAND.

U.S. v. Clayton Craig Hogeland, et al.

   f. On or about January 7, 2005, JEFFREY BENNETT caused the mailing of a fraudulent invoice (Invoice No. 101890944) for $8328.00 from American Logistics Advisors to Advantage Transportation.

   g. On or about January 19, 2005, CLAYTON HOGELAND caused the mailing of check number 202630 (Western Bank Account No. 601XXXX) in the amount of $8328.00 from Advantage Transportation to American Logistics Advisors.

   h. On or about January 21, 2005, JEFFREY BENNETT caused the mailing of check number 1034 in the amount of $9,000.00 from Transportation Marketing Concepts' bank account to JENNIFER HOGELAND.

   i. On or about February 3, 2005, CLAYTON HOGELAND caused the mailing of check number 202715 (Western Bank Account No. 601XXXX) in the amount of $21,245.00 from Advantage Transportation to LTLDevelopment.com.

   j. On or about February 16, 2005, CLAYTON HOGELAND caused the mailing of check number 202768 (Western Bank Account No. 601XXXX) in the amount of $19,850.00 from Advantage Transportation to LTLDevelopment.com.

   k. On or about March 16, 2005, CLAYTON HOGELAND caused the mailing of check number 202882 (Western Bank Account No. 601XXXX) in the amount of $2069.21 mailed from Advantage Transportation in Eagan, Minnesota to ACS Marketing, in Memphis, Tennessee, and received by JEFFREY BENNETT on or about March 17, 2005.

All in violation of Title 18, United States Code, Section 371.

## COUNT 3
(Money Laundering Conspiracy)
18 U.S.C. § 1956(h)

  15. The Grand Jury hereby re-alleges and incorporates paragraphs 1 through 14 of this Indictment as if stated in full herein.

U.S. v. Clayton Craig Hogeland, et al.

16.  From in or about January 2003 through in or about April of 2005, in the State and District of Minnesota and elsewhere, the defendants,

**CLAYTON CRAIG HOGELAND,**
a/k/a "Craig Hogeland," and
**JEFFREY COLE BENNETT,**

did knowingly and willfully combine, conspire and agree with each other and others known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate commerce, namely, transfers of the proceeds of specified unlawful activity to themselves or for their benefit, which transactions involved proceeds of a specified unlawful activity, that is, mail fraud, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing that the transactions were designed in whole and in part to conceal or disguise the nature, source, ownership and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

U.S. v. Clayton Craig Hogeland, et al.

## THE PHONY "CONSULTANT" SCHEME (FLITE TIME/AIR CARGO CONSULTANTS)

17.   From in or about May 2003 through in or about January of 2007, in the State and District of Minnesota and elsewhere, the defendant,

### CLAYTON CRAIG HOGELAND,
a/k/a "Craig Hogeland,"

being aided and abetted by others known and unknown to the Grand Jury, did knowingly and unlawfully devise and participate in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

18.   In or about 2003, Advantage Transportation began providing freight transportation services to "Airline A." Advantage Transportation was routinely hired by Airline A to provide over-the-road transportation of freight shipped by Airline A.   Advantage Transportation was one of several over-the-road transport companies with which Airline A contracted for this purpose.   Airline A paid Advantage Transportation directly for freight assigned by Airline A to Advantage Transportation for ground delivery.

19.   At all times relevant to this indictment, "Individual A" was employed by Airline A.   One of Individual A's duties at Airline

<u>U.S. v. Clayton Craig Hogeland, et al.</u>

A was arranging contracts with over-the-road shipping companies for ground delivery of freight shipped by air by Airline A.

20.   In late 2003, CLAYTON HOGELAND and Individual A conspired to form a company, "Flite Time," which they falsely characterized as a "consultant" to be paid "commission" payments from Advantage Transportation for freight assigned by Airline A to Advantage Transportation.   In reality, there was no change in the way in which Airline A assigned freight to Advantage Transportation for over-the-road shipping, except that, at the direction of CLAYTON HOGELAND, Advantage Transportation started making extra payments to Flite Time that were purported to be commission payments.   In his capacity as general manager, CLAYTON HOGELAND caused the false commission payments to be made to Flite Time by making false entries in the bookkeeping program of Advantage Transportation. From 2003 through 2005, Individual A was paid over $90,000 in false "commission" payments from Advantage Transportation.   From the $90,000 in false commission payments made to Individual A, Individual A paid kick-backs to CLAYTON HOGELAND of approximately $22,000.   CLAYTON HOGELAND concealed from his employer, Advantage Transportation, both that the commission payments made to Flite Time were fraudulent and that he was receiving kick-back payments from Individual A; this information was material to Advantage Transportation.   All but two of the kick-back payments were made

10

U.S. v. Clayton Craig Hogeland, et al.

via checks issued by Individual A in the name of CLAYTON HOGELAND's wife, JENNIFER HOGELAND, who endorsed the checks and deposited them into CLAYTON and JENNIFER HOGELAND'S joint bank account; the remaining two checks were issued by Individual A in the name of CLAYTON HOGELAND.

21.   In 2005, HOGELAND and Individual A became concerned that Individual A's name was associated with Flite Time.   For this reason, HOGELAND recruited "Individual B" to form a company which would step into the place of Flite Time.   In early 2005, Individual B formed "Air Cargo Consultants," and the false commission payments which had been going to Flite Time for freight assigned by Airline A to Advantage Transportation were thereafter directed to Individual B's company.

22.   In 2005 and 2006, over $180,000 in false commission payments were made from Advantage Transportation to Individual B's company.   From the $180,000 in false commission payments made to Individual B, Individual B paid kick-backs to CLAYTON HOGELAND and Individual A of approximately $30,000 each.   CLAYTON HOGELAND concealed from his employer, Advantage Transportation, both that the commission payments made to Air Cargo Consultants were fraudulent and that he was receiving kick-back payments from Individual B; this information was material to Advantage Transportation. The kick-back payments were made via checks issued

11

U.S. v. Clayton Craig Hogeland, et al.

by Individual B in the name of CLAYTON HOGELAND's wife, JENNIFER
HOGELAND, who endorsed the checks and deposited them into CLAYTON
and JENNIFER HOGELAND'S joint bank account.

**COUNTS 4-7**
(Mail Fraud)
18 U.S.C. § 1341

23.   The Grand Jury hereby re-alleges and incorporates
paragraphs 17 through 22 of this Indictment as if stated in full
herein.

24.   On or about the dates set forth below, in the State and
District of Minnesota and elsewhere, and for the purpose of
executing and attempting to execute the scheme and artifice, the
defendant,

**CLAYTON CRAIG HOGELAND,**
a/k/a "Craig Hogeland,"

being aided and abetted by others known and unknown to the Grand
Jury, did knowingly cause to be sent, delivered, and moved by the
United States Postal Service and interstate commercial carrier
various mailings, items and things, as described below:

| COUNT | MAILING |
|:---:|:---|
| 4 | Check Number 077377 (Western Bank Account No. 601XXXX) from Advantage Transportation to Air Cargo Consultants in the amount of $11,050.00 mailed on or about June 16, 2005 |

U.S. v. Clayton Craig Hogeland, et al.

| COUNT | MAILING |
|---|---|
| 5 | Check Number 1010 (Washington Mutual Account No. 1811XXXXX) from Air Cargo Consultants to JENNIFER HOGELAND in the amount of $4,135.00 mailed on or about June 30, 2005 |
| 6 | Check Number 417613 (TCF Bank Account No. 8862XXXXXX) from Advantage Transportation to Air Cargo Consultants in the amount of $11,050.00 mailed on or about January 17, 2006 |
| 7 | Check Number 1040 (Washington Mutual Account No. 1811XXXXX) from Air Cargo Consultants to JENNIFER HOGELAND in the amount of $2,545.00 mailed on or about January 23, 2006 |

All in violation of Title 18, United States Code, Sections 1341 and 2.

### COUNT 8
(Conspiracy to Commit Mail Fraud)
18 U.S.C. § 371

25.    From in or about May 2003 through in or about January of 2007, in the State and District of Minnesota and elsewhere, the defendant,

**CLAYTON CRAIG HOGELAND,**
a/k/a "Craig Hogeland,"

did knowingly and willfully combine, conspire, and agree with others known and unknown to the Grand Jury, to commit offenses against the United States, that is, mail fraud as described in paragraphs 17 through 24 above, in violation of Title 18, United States Code, Section 1341.

13

U.S. v. Clayton Craig Hogeland, et al.

## MANNER AND MEANS

26.   The conspiracy included the manner and means described in paragraphs 17 through 22 of the Indictment, which are hereby re-alleged and incorporated herein.

## OVERT ACTS

27.   In order to effect the objects of the conspiracy and in furtherance of the conspiracy, the defendant and his co-conspirators committed and caused to be committed the acts alleged in paragraphs 17 through 24 of this Indictment, which are hereby re-alleged and incorporated herein, as well as, but not limited to, the following specific mailings:

a.   On or about May 14, 2003, CLAYTON HOGELAND caused the mailing of check number 201098 (Western Bank Account No. 601XXXX) in the amount of $1,200.00 from Advantage Transportation to Flite Time.

b.   On or about April 1, 2004, CLAYTON HOGELAND caused the mailing of check number 201914 (Western Bank Account No. 601XXXX) in the amount of $1,700.00 from Advantage Transportation to Individual A, dba Flite Time.

c.   On or about February 3, 2005, CLAYTON HOGELAND caused the mailing of check number 67712 (Western Bank Account No. 601XXXX) in the amount of $4450.00 from Advantage Transportation to Individual A, dba Flite Time.

d.   On or about March 1, 2005, CLAYTON HOGELAND caused the mailing of check number 69349 (Western Bank Account No. 601XXXX) in the amount of $3,100.00 from Advantage Transportation to Air Cargo Consultants.

e.   On or about April 1, 2005, CLAYTON HOGELAND caused the mailing of check number 71932 (Western Bank

14

U.S. v. Clayton Craig Hogeland, et al.

Account No. 601XXXX) in the amount of $6,500.00 from Advantage Transportation to Air Cargo Consultants.

f.   On or about April 3, 2006, CLAYTON HOGELAND caused the mailing of check number 423741 (TCF Bank Account No. 8862XXXXXX) in the amount of $5,600.00 from Advantage Transportation to Air Cargo Consultants.

g.   On or about July 7, 2004, JENNIFER HOGELAND received through the mails check number 968 (Wells Fargo Bank Account No. 9068XXXXXX) from Flite Time in the amount of $1,050.00.

h.   On or about February 6, 2005, JENNIFER HOGELAND received through the mails check number 9068447762 (Wells Fargo Bank Account No. 075XXXXXX) from Flite Time in the amount of $1,290.00.

i.   On or about August 15, 2005, JENNIFER HOGELAND received through the mails check number 1014 (Washington Mutual Account No. 1811XXXXX) from Air Cargo Consultants in the amount of $2,765.00.

j.   On or about September 16, 2005, JENNIFER HOGELAND received through the mails check number 1019 (Washington Mutual Account No. 1811XXXXX) from Air Cargo Consultants in the amount of $2,750.00.

k.   On or about February 14, 2006, JENNIFER HOGELAND received through the mails check number 1046 (Washington Mutual Account No. 1811XXXXX) from Air Cargo Consultants in the amount of $1,730.00.

All in violation of Title 18, United States Code, Section 371.

### COUNT 9
(Money Laundering Conspiracy)
18 U.S.C. § 1956(h)

28.   The Grand Jury hereby re-alleges and incorporates paragraphs 17 through 27 of this Indictment as if stated in full herein.

U.S. v. Clayton Craig Hogeland, et al.

29.  From in or about May 2003 through in or about January of 2007, in the State and District of Minnesota and elsewhere, the defendant,

**CLAYTON CRAIG HOGELAND,**
a/k/a "Craig Hogeland,"

did knowingly and willfully combine, conspire and agree with others known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate commerce, namely, transfers of the proceeds of specified unlawful activity to themselves or for their benefit, which transactions involved proceeds of a specified unlawful activity, that is, mail fraud, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing that the transactions were designed in whole and in part to conceal or disguise the nature, source, ownership and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

16

U.S. v. Clayton Craig Hogeland, et al.

### INCOME TAX EVASION (CLAYTON HOGELAND AND JENNIFER HOGELAND)

30.   Defendants CLAYTON HOGELAND and JENNIFER HOGELAND failed to report to the Internal Revenue Service or pay taxes on any of the money they obtained through the fraud schemes described above: (a) when they filed a joint individual income tax return for tax year 2003, on or about April 14, 2004; (b) when they filed a joint individual income tax return for tax year 2004, on or about April 15, 2005; and (c) when they filed a joint individual income tax return for tax year 2005, on or about April 10, 2006.

31.   However, after learning that the Internal Revenue Service was conducting a criminal tax investigation regarding their false tax returns, defendants CLAYTON HOGELAND and JENNIFER HOGELAND sought to cover up the willful filing of false tax returns by filing amended tax returns for tax years 2003 and 2004 in which they reported for the first time the money obtained through the fraud scheme.   The amended returns were filed on or about July 3, 2008.

### COUNT 10
(Income Tax Evasion - 2003)
26 U.S.C. § 7201

32.   The Grand Jury realleges all of the allegations contained in paragraphs 1 through 31 of this Indictment as if stated in full herein.

17

U.S. v. Clayton Craig Hogeland, et al.

33.  On or about April 14, 2004, the defendants,

**CLAYTON CRAIG HOGELAND,**
a/k/a "Craig Hogeland," and
**JENNIFER ROSE HOGELAND,**
a/k/a "Jennifer Rose Dyess,"

in the State and District of Minnesota and elsewhere, aiding and
abetting and being aided and abetted by each other, did willfully
attempt to evade and defeat a large part of the income tax due and
owing by them to the United States of America for the calendar year
2003, by causing payments to be made through shell corporations in
order to conceal income, as well as by preparing and causing to be
prepared, and by filing and causing to be filed, a false and
fraudulent U.S. Individual Income Tax Return, Form 1040, on behalf
of themselves jointly, which was filed with the Internal Revenue
Service.  In that return, the defendants stated that their joint
taxable income for the calendar year was the sum of $108,911 and
that the amount of tax due and owing thereon was the sum of
$18,877.  In fact, as they then and there knew, their joint taxable
income for the calendar year was well in excess of $150,000 upon
which joint taxable income there was owing to the United States of
America income tax well in excess of $30,000.

All in violation of Title 26, United States Code, Section
7201, and Title 18, United States Code, Section 2.

18

U.S. v. Clayton Craig Hogeland, et al.

## COUNT 11
(Income Tax Evasion - 2004)
26 U.S.C. § 7201

34.   The Grand Jury realleges all of the allegations contained in paragraphs 1 through 31 of this Indictment as if stated in full herein.

35.   On or about April 15, 2005, the defendants,

**CLAYTON CRAIG HOGELAND,**
a/k/a "Craig Hogeland," and
**JENNIFER ROSE HOGELAND,**
a/k/a "Jennifer Rose Dyess,"

in the State and District of Minnesota and elsewhere, aiding and abetting and being aided and abetted by each other, did willfully attempt to evade and defeat a large part of the income tax due and owing by them to the United States of America for the calendar year 2004, by causing payments to be made through shell corporations in order to conceal income, and by filing and causing to be filed, and by signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, on behalf of themselves jointly, which was filed with the Internal Revenue Service.   In that return, the defendants stated that their joint taxable income for the calendar year was the sum of $89,275 and that the amount of tax due and owing thereon was the sum of $5,162.   In fact, as they then and there knew, their joint taxable income for the calendar year was well in excess of $140,000, upon which joint taxable

19

<u>U.S. v. Clayton Craig Hogeland, et al.</u>

income there was owing to the United States of America income tax
well in excess of $25,000.

All in violation of Title 26, United States Code, Section
7201, and Title 18, United States Code, Section 2.

### COUNT 12
(Income Tax Evasion - 2005)
26 U.S.C. § 7201

36.   The Grand Jury realleges all of the allegations contained
in paragraphs 1 through 31 of this Indictment as if stated in full
herein.

37.   On or about April 10, 2006, the defendants,

**CLAYTON CRAIG HOGELAND,**
a/k/a "Craig Hogeland," and
**JENNIFER ROSE HOGELAND,**
a/k/a "Jennifer Rose Dyess,"

in the State and District of Minnesota and elsewhere, aiding and
abetting and being aided and abetted by each other, did willfully
attempt to evade and defeat a large part of the income tax due and
owing by them to the United States of America for the calendar year
2005, by causing payments to be made through shell corporations in
order to conceal income, as well as by preparing and causing to be
prepared, and by filing and causing to be filed, a false and
fraudulent U.S. Individual Income Tax Return, Form 1040, on behalf
of themselves jointly, which was filed with the Internal Revenue
Service.   In that return, the defendants stated that their joint

20

<u>U.S. v. Clayton Craig Hogeland, et al.</u>

taxable income for the calendar year was the sum of $92,465 and
that the amount of tax due and owing thereon was the sum of $4,919.
In fact, as they then and there knew, their joint taxable income
for the calendar year was well in excess of $150,000, upon which
joint taxable income there was owing to the United States of
America income tax well in excess of $30,000.

All in violation of Title 26, United States Code, Section
7201, and Title 18, United States Code, Section 2.

## INCOME TAX EVASION (JEFFREY BENNETT)

38.   Defendant JEFFREY BENNETT failed to report to the
Internal Revenue Service or pay taxes on any of the money he
obtained through the fraud schemes described above: (a) when he
filed tax returns for tax year 2004, on or about September 12,
2005; and (b) when he filed tax returns for tax year 2005, on or
about April 15, 2006.

39.   However, after learning that the Internal Revenue Service
was conducting a criminal tax investigation regarding his false tax
returns for tax years 2004 through 2005, JEFFREY BENNETT sought to
cover up the willful filing of the false tax returns by:

> (1) filing Amended U.S. Individual Income Tax
> Returns for tax years 2003, 2004 and 2005 in which he
> reported for the first time the money obtained through
> the fraud scheme (filed on or about July 2, 2008);

> (2) filing long past its due date an 1120S Corporate
> Tax Return for tax year 2003 for Air Catering Solutions

and Marketing, Inc., in which he reported for the first time the kick-back payments to JENNIFER HOGELAND from the phony invoice scheme which he attempted to claim as a business expense and for which he also fraudulently attempted to claim a $12,227 tax refund on his amended U.S. Individual Income Tax Return for tax year 2003 (filed on or about July 16, 2008);

(3) filing 1120S Corporate Tax Returns for tax years 2004 and 2005 for American Logistics Advisors, in which he reported for the first time the funds obtained through the phony invoice scheme (filed on or about July 16, 2008);

(4) filing 1120S Corporate Tax Returns for Transportation Marketing Concepts for tax years 2003 through 2005, in which he reported for the first time the funds obtained through the phony invoice scheme (filed on or about July 16, 2008); and

(5) filing a Schedule C with his Amended U.S. Individual Income Tax Return for tax year 2005 reporting for the first time the money obtained through the false invoices from LTL Development.com (filed on or about July 2, 2008).

## COUNT 13
(Income Tax Evasion - 2004)
26 U.S.C. § 7201

40.   The Grand Jury realleges all of the allegations contained in paragraphs 1 through 16, 38 and 39 of this Indictment as if stated in full herein.

41.   On or about September 12, 2005, the defendant,

**JEFFREY COLE BENNETT,**

in the State and District of Minnesota and elsewhere, who during the calendar year 2004 was married, did willfully attempt to evade and defeat a large part of the income tax due and owing by him and

U.S. v. Clayton Craig Hogeland, et al.

his spouse to the United States of America for the calendar year 2004, by causing payments to be made through shell corporations in order to conceal income, as well as by preparing and causing to be prepared, and by filing and causing to be filed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, on behalf of himself and his spouse, which was filed with the Internal Revenue Service.   In that return, the defendant stated that the joint taxable income for himself and his spouse for the calendar year was the sum of $66,079 and that the amount of tax due and owing thereon was the sum of $7,994.  In fact, as he then and there knew, their joint taxable income for the calendar year was well in excess of $220,000, upon which joint taxable income there was owing to the United States of America income tax well in excess of $50,000.

All in violation of Title 26, United States Code, Section 7201.

### COUNT 14
(Income Tax Evasion - 2005)
26 U.S.C. § 7201

42.   The Grand Jury realleges all of the allegations contained in paragraphs 1 through 16, 38 and 39 of this Indictment as if stated in full herein.

U.S. v. Clayton Craig Hogeland, et al.

43.   On or about April 15, 2006, the defendant,

**JEFFREY COLE BENNETT,**

in the State and District of Minnesota and elsewhere, who during
the calendar year 2005 was married, did willfully attempt to evade
and defeat a large part of the income tax due and owing by him and
his spouse to the United States of America for the calendar year
2005, by causing payments to be made through shell corporations in
order to conceal income, as well as by preparing and causing to be
prepared, and by filing and causing to be filed, a false and
fraudulent U.S. Individual Income Tax Return, Form 1040, on behalf
of himself and his spouse, which was filed with the Internal
Revenue Service.   In that return, the defendant stated that the
joint taxable income for himself and his spouse for the calendar
year was the sum of $83,825 and that the amount of tax due and
owing thereon was the sum of $13,266.   In fact, as he then and
there knew, their joint taxable income for the calendar year was
well in excess of $175,000, upon which joint taxable income there
was owing to the United States of America income tax well in excess
of $35,000.

All in violation of Title 26, United States Code, Section
7201.

U.S. v. Clayton Craig Hogeland, et al.

## FORFEITURE ALLEGATIONS

44.   Counts   1   through   9   of   this   Indictment   are   hereby
realleged   and   incorporated   as   if   fully   set   forth   herein   by
reference,   for   the   purpose   of   alleging   forfeitures   pursuant   to
Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1),
and Title 28, United States Code, Section 2461(c).

45.   As the result of the offenses alleged in Counts 1, 2 and
4 through 8 of this Indictment, the defendants shall forfeit to the
United States pursuant to Title 18, United States Code, Section
981(a)(1)(C),   in conjunction with Title 28, United States Code,
Section 2461(c), any property, real or personal, which constitutes
or is derived from proceeds traceable to the violations alleged in
Counts 1, 2 and 4 through 8 of this Indictment.

46.   As the result of the offenses alleged in Counts 3 and 9
of this Indictment, the defendants shall forfeit to the United
States pursuant to Title 18, United States Code, Section 982(a)(1),
any property, real or personal, involved in such offenses, or any
property traceable to such property.

47.   If any of the above-described forfeitable property is
unavailable for forfeiture, the United States intends to seek the
forfeiture of substitute property as provided for in Title 21,
United States Code, Section 853(p), as incorporated by Title 18,

U.S. v. Clayton Craig Hogeland, et al.

United States Code, Section 982(b)(1) and by Title 28, United States Code, Section 2461(c).

All in violation of Title 18, United States Code, Sections 2, 371, 981(a)(1)(C), 982(a)(1), 1341, 1343 and 1956(h), Title 26, United States Code, Section 7201, and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____          _____
UNITED STATES ATTORNEY                    FOREPERSON