UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| UNITED STATES OF AMERICA, | Case No. 10-CR-0061 (PJS/AJB) |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| (1) CLAYTON CRAIG HOGELAND, (2) JENNIFER ROSE HOGELAND, and (3) JEFFREY COLE BENNETT, | |
| Defendants. | |

Timothy C. Rank, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

John C. Brink for defendant Clayton Craig Hogeland.

Daniel L. Gerdts for defendant Jennifer Rose Hogeland.

Andrew R. Small, COLICH & ASSOCIATES, for defendant Jeffrey Cole Bennett.

Defendant Clayton Craig Hogeland appeals the August 16, 2010 order of Magistrate Judge Arthur J. Boylan [Docket No. 112] insofar as Judge Boylan denied Clayton's[1] motions (1) for a bill of particulars and (2) to delete surplusage from the indictment. Clayton also objects, as do defendants Jennifer Rose Hogeland and Jeffrey Cole Bennett, to the August 16, 2010 Report and Recommendation ("R&R") of Judge Boylan.[2] Judge Boylan recommends (1) denying all three defendants' motions for severance; (2) denying Jennifer's motion to

---

[1] For ease of exposition, the Court refers to the two Hogeland defendants by their first names.

[2] Three identical copies of the R&R (one for each defendant) were docketed under docket numbers 115, 116, and 117.

-1-

suppress a statement she made to federal agents; and (3) denying Clayton's and Bennett's motions to dismiss some or all of the charges against them.

With respect to the R&R, the Court has reviewed de novo those portions of the R&R to which defendants object, as required by 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b)(3), and the Court agrees with Judge Boylan's recommendations. The Court therefore overrules defendants' objections and adopts Judge Boylan's R&R. Only one issue addressed in the R&R merits further comment.

Clayton and Bennett argued in favor of severance on the basis that their rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution would be violated if the government introduces, at a joint trial, evidence of an incriminating statement that Jennifer made to federal agents. According to the government, in the statement at issue, Jennifer told federal agents that they would have to ask her husband, Clayton, why she received certain checks from companies for whom she had never done any work. Gov't Resp. Defs. Pretrial Mots. at 22 [Docket No. 107]. The government, however, has agreed that at trial, the government will not offer evidence about Jennifer's reference to Clayton. *Id.* ("The United States does not intend to offer evidence at trial of Jennifer Hogeland's reference to her husband . . . ."). In light of this representation, the Court finds that because Jennifer's statement, as the government plans to present it, does not directly inculpate either Clayton or Bennett, its introduction — coupled with an appropriate cautionary instruction to the jury — will not violate Clayton's or Bennett's Confrontation Clause rights. *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987) ("[T]he Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when . . . the confession is redacted

to eliminate not only the defendant's name, but any reference to his or her existence."); *see also United States v. Ramos-Cardenas*, 524 F.3d 600, 609-10 (5th Cir. 2008) (holding that *Richardson* remains good law after *Crawford v. Washington*, 541 U.S. 36 (2004)); *United States v. Williams*, 429 F.3d 767, 773 n.2 (8th Cir. 2005) (following *Richardson* and noting that "*Crawford* did not overrule *Bruton* [*v. United States*, 391 U.S. 123 (1968),] and its progeny").

With respect to Judge Boylan's August 16, 2010 order, the Court has reviewed those portions of the order to which Clayton objects to determine whether they are "clearly erroneous or contrary to law," as required by 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59(a). The Court affirms Judge Boylan's order denying Clayton's motions to delete surplusage and for a bill of particulars because the order is neither clearly erroneous nor contrary to law.

The Court notes, however, that to the extent that Clayton seeks a bill of particulars to learn the identity of unindicted coconspirators or aiders and abetters who are known to the government, Clayton's motion presents a close question. Numerous cases can be found in which a court grants a motion for a bill of particulars seeking the identity of unindicted coconspirators or aiders and abetters, but numerous cases can also be found in which the court denies such a motion.[3]

---

[3]*See United States v. Nachamie*, 91 F. Supp. 2d 565, 572 (S.D.N.Y. 2000) (noting that "[t]he Second Circuit has affirmed both the grant and the denial" of a request for "the names of known unindicted co-conspirators"). *Compare United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) ("[T]he Government is not required to furnish the name[s] of all other co-conspirators in a bill of particulars."), *and United States v. Griffith*, 362 F. Supp. 2d 1263, 1278 (D. Kan. 2005) ("[T]he information [defendants] seek, details about the conspiracy and co-conspirators, is not only *not properly the subject of a bill of particulars*, they have this information through discovery." (emphasis added)), *with United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979) ("A bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who[m] the government plans to use as witnesses."), *United States v. Yielding*,
(continued...)

Given that a district court has wide discretion in ruling on a motion for a bill of particulars, *United States v. Sileven*, 985 F.2d 962, 966 (8th Cir. 1993), and given the split of authority over motions seeking the identities of unnamed "others" referred to in an indictment and known to the government, the Court cannot find that Judge Boylan clearly erred, or acted contrary to law, in denying Clayton's motion for a bill of particulars.[4] The Court notes, however, that the government has sometimes agreed, in other cases, to a defendant's request that the government identify unnamed "others" referred to in an indictment.[5] Indeed, in this very case the government has identified two parties who were identified by pseudonyms in the indictment. Gov't Resp. Defs. Pretrial Mots. at 5 n.1, 6 n.2. To the extent that the reference in the indictment to "others known and unknown" is not mere boilerplate, but is rather a reference to people known

---

[3](...continued)
No. 4:08-CR-00213 BSM, 2008 U.S. Dist. LEXIS 101318, at *5, 2008 WL 5114305, at *2 (E.D. Ark. Dec. 4, 2008) ("The government is directed to identify all aiders and abetters, but only to the extent that any persons have made statements that the government may seek to introduce pursuant to Fed. R. Evid. 801(d)(2)(E)."), *United States v. Bin Laden*, 92 F. Supp. 2d 225, 241 (S.D.N.Y. 2000) ("[T]he Government must disclose to the Defendants the identities, including all aliases and code names, of all unindicted co-conspirators to whom it will refer at trial, unless it makes a particularized determination, in good faith, with respect to each co-conspirator whose identity is withheld, that disclosure of that person's identity will either (1) expose the person or someone else to a significant risk of bodily harm; or (2) compromise an ongoing investigation."), *and United States v. Allocco*, 801 F. Supp. 1000, 1003 (E.D.N.Y. 1992) ("[T]he government must provide defendant with the names of 'the others' referred to in the indictment in order to allow the defendant to properly prepare for trial.").

[4]Judge Boylan also denied Bennett's motion for a bill of particulars. Bennett did not appeal.

[5]*See, e.g.*, *United States v. Scrushy*, No. CR-03-BE-530-S, 2004 U.S. Dist. LEXIS 30219, at *25-26 (N.D. Ala. Mar. 3, 2004) ("Except for identification of co-conspirators and 'aiders and abetters,' *which the Government agrees defendant is entitled to*, the court finds that the rest of the motion [for a bill of particulars] is due to be denied."(emphasis added)); Gov't Bill of Particulars, *United States v. Atlas Iron Processors, Inc.*, No. 1:97-CR-00853-DMM (S.D. Fla. May 18, 1998, Docket No. 135), *available at* http://www.justice.gov/atr/cases/f3900/3912.htm.

to the government, the Court urges the government to identify those people, particularly if the government plans to refer to those people or call those people as witnesses at trial. That said, the Court cannot find that Judge Boylan's refusal to *order* the government to identify those people is clearly erroneous or contrary to law.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, the Court DENIES defendant Clayton Craig Hogeland's appeal [Docket No. 120] and AFFIRMS Judge Boylan's order of August 16, 2010 [Docket No. 112].

Further, the Court OVERRULES defendants' objections [Docket Nos. 118, 119, and 121] and ADOPTS Judge Boylan's Report and Recommendation with respect to each of defendants Clayton Craig Hogeland [Docket No. 115], Jennifer Rose Hogeland [Docket No. 116], and Jeffrey Cole Bennett [Docket No. 117]. Accordingly, IT IS HEREBY ORDERED THAT:

1. The following motions of defendant Clayton Craig Hogeland are DENIED:

    a. motion for severance [Docket No. 78]; and

    b. motion to dismiss [Docket No. 83].

2. The following motions of defendant Jennifer Rose Hogeland are DENIED:

    a. motion to suppress statements [Docket No. 87]; and

    b. motion for severance [Docket No. 90].

3. The following motions of defendant Jeffrey Cole Bennett are DENIED:

    a. motion to dismiss counts 1 and 2 [Docket No. 59]; and

    b. motion for severance [Docket No. 97].

Dated: September 29, 2010

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge