UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10-CR-0061(3) (PJS/AJB) |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY COLE BENNETT, | |
| Defendant. | |

Timothy Rank and Julie Allyn, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Jeffrey Bennett, pro se.

Defendant Jeffrey Bennett was convicted by a jury of mail fraud, conspiracy to commit mail fraud, conspiracy to commit money laundering, and income-tax evasion. On November 13, 2012, the Court sentenced Bennett to 95 months in prison and ordered him to pay $393,183.37 to the victim of his fraudulent scheme. ECF No. 356.

The United States Court of Appeals for the Eighth Circuit affirmed Bennett's conviction and sentence on direct appeal. *United States v. Bennett*, 765 F.3d 887 (8th Cir. 2014). The Supreme Court denied Bennett's petition for certiorari. ECF No. 505. The Court later denied Bennett's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, and the Eighth Circuit denied his application for a certificate of appealability. ECF Nos. 517, 524. It appears that Bennett served his prison sentence and was released from the custody of the Bureau of Prisons.

This matter is before the Court on Bennett's motion to modify the restitution order. Bennett speculates that his victim's loss might have been covered by insurance (in whole or in part), and he speculates that the victim might have deducted the loss on its tax returns. Based on this speculation, Bennett contends that the Court should vacate its restitution order, take evidence on these matters, and reduce or eliminate the restitution order accordingly.

Bennett cites 18 U.S.C. § 3664(o) as a procedural basis for his motion. Section 3664(o) refers to various statutory and other provisions for appealing or modifying a criminal sentence. Bennett is not eligible for relief under any of these provisions, however, as he has already appealed his sentence, and none of the other provisions apply. *See* Fed. R. Crim. P. 35(a) (permitting court to correct arithmetical or other technical error within 14 days after sentencing); 18 U.S.C. § 3742 (governing direct appeals of sentences); 18 U.S.C. § 3664(d)(5) (permitting courts to defer a final restitution determination up to 90 days after sentencing and amend the order if a victim discovers additional losses); 18 U.S.C. § 3572(d) (permitting courts to adjust payment schedules for monetary penalties); 18 U.S.C. § 3613A (permitting courts to impose additional punishment or other sanctions if a defendant is in default); 18 U.S.C. § 3565 (permitting courts to revoke probation and resentence a defendant); 18 U.S.C. § 3614

(permitting courts to resentence defendants who knowingly fail to pay delinquent fines or restitution).

Bennett also claims that, under 18 U.S.C. § 3664(k), courts have the ability to modify a restitution order where there are changed circumstances. But this provision does not help him. As Bennett himself admits, there are no changed circumstances; even if Bennett's speculation is accurate and his victim did receive insurance or tax benefits, the victim would have received those benefits *before* Bennett's November 2012 sentencing hearing. More fundamentally, § 3664(k) permits a court to adjust the payment schedule based on evidence of a material change in the *defendant's* economic circumstances; it says nothing about modifying the amount of the restitution order or taking additional evidence about the *victim's* economic circumstances.

Finally, Bennett cites 18 U.S.C. § 3664(j)(1) and (j)(2). Subsection (j)(1) is not relevant, as it simply requires courts to order that restitution be paid to insurance companies who have compensated the victim. Subsection (j)(2) at least permits the modification of a restitution amount, as it requires courts to reduce restitution by any amount later recovered by the victim in federal or state civil proceedings. But Bennett does not argue, much less offer any evidence, that his victim recovered anything in any such proceeding, and he therefore cannot seek modification under that provision.

In short, the order setting the amount of restitution is final, the time to appeal that order has long passed, and Bennett has failed to identify any applicable procedural basis for attacking it.[1]  His motion is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion to modify restitution [ECF No. 528] is DENIED.

Dated:  May 17, 2018               s/Patrick J. Schiltz
                                   Patrick J. Schiltz
                                   United States District Judge

---

[1] Even if Bennett could prove that his victim's loss was covered by insurance, it would not reduce the amount of restitution.  18 U.S.C. § 3664(f)(1)(B).